UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAYLA R. FANCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:14-cv-1336-WTL-DML |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

The Social Security Act provides:

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual*), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.*

42 U.S.C. 423 § (d)(2)(A) (emphasis added).  In this case, the ALJ found that Plaintiff Kayla

Fancher was not disabled because she maintained the residual functional capacity to perform

"unskilled representative occupations in the national economy" which included, according to a

vocational expert's testimony, 163,159 housekeeping cleaner jobs nationwide, 195,385 package

line worker jobs nationwide, 449,240 assembler jobs nationwide, 73,189 stocker jobs

nationwide, and 107,707 inspector jobs nationwide.  The ALJ further noted:

The vocational expert testified that the above occupations exist in several regions of the United States.  The regulations indicate that the Social Security

> Administration is responsible for providing evidence that other work exists in significant numbers in the national economy (either in the region [where] the claimant lives or in several regions of the country) (20 CFR 404.1560(c) and 416.960(c)). Therefore, the vocational expert's testimony as to the availability of work in the national economy is sufficient.

R. at 33. To the extent that the ALJ equated existing in several regions with existing in *significant numbers* in several regions, that was error. The ALJ should have asked the vocational expert how many of the relevant jobs existed in Indiana—the region in which Fancher lives. If those numbers were not significant, then the vocational expert should have been asked to provide numbers for several other regions in the country in which significant numbers of the relevant jobs existed. The Court is at a loss to understand why the ALJ did not do so, and even more at a loss to understand why the ALJ instructed the vocational expert not to answer when counsel attempted to ask the relevant questions.

That said, in this case the error was harmless. Given the very large numbers of the relevant jobs that exist nationwide and the ubiquitous nature of the jobs in question, the ALJ reasonably could have inferred that the jobs existed in significant numbers in several regions. "The principal significance of the 'other regions' language in the statute is to prevent the Social Security Administration from denying benefits on the basis of 'isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the applicant] live[s].'" *Barrett v. Barnhart*, 368 F.3d 691, 692 (7th Cir. 2004) (*see* 20 C.F.R. § 404.1566(b)). The types of jobs cited by the vocational expert in this case are by no means isolated to a few regions of the country; housekeeping jobs, for example, exist virtually everywhere. It is reasonable to infer that if there are 163,159 housekeeping cleaner jobs nationwide, there are at least several regions in the country in which there are 1,000 such jobs, which is a significant number. *See, e.g., Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) ("[I]t appears to be

well-established that 1,000 jobs is a significant number.").

>An ALJ's error can be harmless, and
>
>we will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result. That would be a waste of time and resources for both the Commissioner and the claimant. Thus, we look at the evidence in the record to see if we can predict with great confidence what the result on remand will be.

*McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (citation omitted).  In this case, the Court has great confidence that if it were to remand to the ALJ to conduct the proper inquiry—whether the relevant jobs exist in significant numbers in Indiana or in several regions of the country—the ALJ would infer based upon the evidence of record that the answer is yes.  Accordingly, although again the Court is at a loss to understand the ALJ's refusal to elicit the relevant testimony from the vocational expert—the Court declines to put the claimant, the Commissioner, and the ALJ through an exercise of futility.  Accordingly, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED: 7/28/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification